IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILLARD GUTTER COMPANY, a Corporation d/b/a MILLARD ROOFING AND GUTTER<br><br>Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY, A LIBERTY MUTUAL INSURANCE CO. a/k/a LIBERTY MUTUAL INSURANCE AGENCY a/k/a LIBERTY MUTUAL INSURANCE GROUP, INC.<br><br>Defendant. | Case No: 8:23-cv-404<br><br>**JURY TRIAL REQUESTED** |

**NOTICE OF REMOVAL AND JURY DEMAND**
**[28 U.S.C. § 1332, 28 U.S.C. § 1441, 28 U.S.C. § 1446]**

Pursuant to 28 U.S.C. §§ 1441, 1446, and 1332(a), Defendant Safeco Insurance Company of America ("Safeco"), improperly named in this action as "Safeco Insurance Company., A Liberty Mutual Insurance Co. a/k/a Liberty Mutual Agency a/k/a Liberty Mutual Insurance Group, Inc.," hereby removes this action from the District Court of Douglas County, Nebraska on the basis of diversity jurisdiction. As grounds for such removal, Safeco states the following:

1. On July 19, 2023, Plaintiff Millard Gutter Company ("Millard") filed its Complaint in the District Court of Douglas County, Nebraska. *See* Exhibit A, Complaint.

2. Millard's Complaint alleges that five insureds (the "Insureds") sustained property damage to their properties (the "Properties"), and that such damage is covered under various insurance policies (the "Policies") issued to the Insureds. Exhibit A, Complaint, at ¶¶ 5–6. Millard claims that the Insureds have "assigned their right to any proceeds" under the Policies to Millard. *Id.* at ¶ 5. Millard claims that it has performed repair work for the Insureds and that "Safeco has

1

breached the policies by failing to pay Millard Roofing all benefits due and owing under the policy." *Id.* at ¶¶ 16-18.

3. The caption of Millard's Complaint identifies "Safeco Insurance Company" as the sole defendant. Exhibit A. The Complaint asserts that such defendant is "a Liberty Mutual Insurance Co. a/k/a Liberty Mutual Insurance Agency a/k/a Liberty Mutual Insurance Group, Inc." *Id.*

4. However, "Safeco Insurance Company" is not a legal entity and, therefore, does not conduct business in Nebraska and did not issue the Policies. Exhibit B, Declaration of Cheri Diaz, ¶ 8.

5. Instead, each of the Policies were issued by Defendant Safeco Insurance Company of America. Exhibit B, Declaration of Cheri Diaz, ¶ 5. Consequently, Safeco reads Millard's Complaint to be directed to Safeco, the entity issuing the Policies.

6. Safeco was served with the Summons and Complaint on August 15, 2023. A copy of the Summons and Complaint and all other process, pleadings, and orders served on Safeco is attached as Exhibit A; *see also* Declaration of Cheri Diaz, at ¶ 4.

7. Safeco has filed this Notice of Removal within the thirty (30) day timeframe allowed pursuant to 28 U.S.C. § 1446(b). Accordingly, this Notice of Removal is timely filed.

8. As required by 28 U.S.C. § 1446(a), copies of all "process, pleadings and orders" served upon Safeco are attached hereto as exhibits to this Notice of Removal. *See* Exhibit A.

9. Any civil action filed in state court over which the federal district courts would have original jurisdiction may be removed. 28 U.S.C. § 1441(a). As stated below, this case is removable because this Court has original subject matter jurisdiction on diversity grounds pursuant to 28 U.S.C. § 1332(a)(1).

## GROUNDS FOR REMOVAL

10. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 because "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and all properly joined defendants are "citizens of different States." 28 U.S.C. § 1332(a)(1).

### A. Millard And Safeco Are Citizens Of Different States.

11. 28 U.S.C. § 1332(a) provides, in part, that:

The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –

(1) citizens of different states[.]

12. Complete diversity of citizenship exists between Millard and Safeco, as they are citizens of different states.

13. Millard is a Nebraska corporation with its principal place of business located at 14545 Industrial Road, Omaha, Nebraska 68144. Exhibit A, Complaint, at ¶ 1. Accordingly, Millard is a citizen of Nebraska, and is not a citizen of New Hampshire or Massachusetts. 28 U.S.C. § 1332(c)(1).

14. Safeco is a foreign insurance company organized and existing under the laws of the State of New Hampshire with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116. *See* Exhibit A, Complaint, ¶ 2; Exhibit B, Declaration of Cheri Diaz, ¶ 3. Therefore, Safeco is a citizen of New Hampshire and Massachusetts, and not a citizen of Nebraska. 28 U.S.C. § 1332(c)(1).

15. To the extent that any of the other alleged entities identified in the caption of Millard's Complaint are relevant to jurisdiction, none of them are citizens of Nebraska.

16. Liberty Mutual Group, Inc. is a foreign corporation organized under the laws of the State of Massachusetts with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116. Exhibit B, Declaration of Cheri Diaz, ¶ 6. Therefore, Liberty Mutual Group, Inc. is a citizen of Massachusetts, and not a citizen of Nebraska. 28 U.S.C. § 1332(c)(1).

17. Liberty Mutual Insurance Company is a foreign corporation organized under the laws of the State of Massachusetts with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116. Exhibit B, Declaration of Cheri Diaz, ¶ 7. Therefore, Liberty Mutual Insurance Company is a citizen of Massachusetts, and not a citizen of Nebraska. 28 U.S.C. § 1332(c)(1).

18. "Liberty Mutual Insurance Agency" is a trade name. *See* Exhibit B, Declaration of Cheri Diaz, at ¶ 9. A trade name is not a legal entity capable of being sued and, therefore, has no citizenship for purposes of diversity jurisdiction. *See, Dillon v. Gottsch Emplrs. Grp., LLC*, No. 8:05CV467, 2006 WL 47420, at *6, 9 (D. Neb. Jan. 6, 2006); *Hall v. Auto-Owners Ins. Co.*, 658 N.W.2d 711 (Neb. 2003); 28 U.S.C. 1441(b). Therefore, Liberty Mutual Insurance Agency is not a citizen of Nebraska.

19. Likewise, because "Safeco Insurance Company" is not a legal entity, it has no place of incorporation, principal place of business, or domicile and therefore is not a citizen of Nebraska.

20. Based on the foregoing, complete diversity of citizenship exists. Millard and Safeco are citizens of different states as required by 28 U.S.C. § 1332(a)(1). *See Cascades Dev. of Minn., LLC v. Nat'l Spec. Ins.*, 675 F.3d 1095, 1100 (8th Cir. 2012).

### B. The Amount In Controversy Exceeds $75,000 Exclusive Of Interest And Costs, As Required By 28 U.S.C. § 1332(a).

21. The amount in controversy in this case exceeds $75,000, satisfying the requirements of 28 U.S.C. § 1332(a).

22. Millard's Complaint does not specify the amount in controversy. *See* Exhibit A. Accordingly, Safeco may properly set forth the amount in controversy in this Notice of Removal. 18 U.S.C. § 1446(c)(2)(A); *Dart Cherokee Basin Op. Co., LLC v. Owens*, 574 U.S. 81, 83–84, 135 S.Ct. 547, 190 L. Ed. 2d 495 (2014).

23. With respect to the insurance claim associated with the insured, Molly Erftmier, identified in Millard's Complaint, Millard provided documentation to Safeco alleging that it is owed $76,889.19 on Claim No. 040151469. *See* Ex. 1, attached to Exhibit B, Declaration of Cheri Diaz, at ¶ 10; *see also* Exhibit A, Complaint, at ¶ 5.

24. Moreover, Millard's Complaint seeks recovery of attorney's fees pursuant to NEB. REV. STAT. § 44-359, which are considered in determining the amount in controversy. *See, e.g.*, *Guenther v. Time Ins. Co.*, No. 8:07CV454, 2008 WL 731593 (D. Neb. Mar. 17, 2008).

25. Consequently, the amount in controversy clearly exceeds the minimum $75,000 jurisdictional threshold for purposes of diversity jurisdiction. 28 U.S.C. § 1332(a).

    **C.**    **Removal To This District Is Proper.**

26. By reason of the amount in controversy and the complete diversity of citizenship of the parties, the action is within the original jurisdiction of this Court pursuant to 28 U.S.C. § 1332(a).

27. Pursuant to the provisions of 28 U.S.C. § 1441(a), the United States District Court for the District of Nebraska is the federal district court embracing the place where the state court suit is pending and the cause of action arose.

28. Safeco has complied with applicable requirements of 28 U.S.C. § 1446, and is promptly giving notice of this removal to Millard and the District Court of Douglas County, Nebraska pursuant to 28 U.S.C. § 1446. A copy of the Notice to the District Court of Douglas

County, Nebraska and to Millard, along with its certificate of service, is attached hereto as Exhibit C.

29. Safeco reserves the right to amend or supplement this Notice of Removal.

30. Safeco reserves all defenses.

WHEREFORE, Defendant Safeco Insurance Company of America states that it has divested the state court of jurisdiction by filing with that court a Notice of Filing of Notice of Removal, and requests that this Court proceed with adjudication of this matter.

## DEMAND FOR A JURY TRIAL

Defendant Safeco Insurance Company of America demands a trial by jury on all issues triable by a jury herein.

Respectfully submitted,

**SEYFERTH BLUMENTHAL & HARRIS LLC**

*/s/ Bruce A. Moothart*
Bruce A. Moothart, NE Bar #26882
4801 Main Street, Suite 310
Kansas City, MO 64112
T: (816) 756-0700
F: (816) 756-3700
bruce@sbhlaw.com
ATTORNEY FOR DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on September 12, 2023, a true and accurate copy of the above was filed electronically with the Court, with notice of the filing generated and sent electronically by the Court's electronic filing system to the individuals listed below, and a copy sent via U.S. Mail, postage prepaid, to:

Philip O. Cusic, #25666
Anne Marcotte, #19802
SODORO LAW GROUP
13924 Gold Circle
Omaha, Nebraska 68144
Telephone: (402) 504-9346
pcusic@sodorolaw.com
amarcotte@sodorolaw.com

ATTORNEYS FOR PLAINTIFF MILLARD GUTTER COMPANY

/s/ *Bruce A. Moothart*
ATTORNEY FOR DEFENDANT SAFECO INSURANCE COMPANY OF AMERICA