IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MILLARD GUTTER COMPANY, a Corporation d/b/a MILLARD ROOFING AND GUTTER, | ) ) ) ) | CASE NO: 8:23-CV-404 |
| Plaintiff, | ) ) ) | CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER |
| vs. | ) ) | |
| SAFECO INSURANCE COMPANY OF AMERICA, | ) ) ) | |
| Defendant. | ) | |

THIS MATTER came before the Court pursuant to the parties' request for entry of a Confidentiality Agreement and Protection Order. This request is granted. Going forward the following terms and conditions apply to the disclosure of materials in this case.

1. <u>Applicability of Order.</u> This Order will govern the handling of documents, depositions, deposition exhibits, interrogatory responses, responses to requests for admissions, responses to requests for production of documents, and all other discovery obtained pursuant to the Federal Rules of Civil Procedure or which is voluntarily produced without regard to the use of the Federal Rules of Civil Procedure by or from any party, person, or entity in connection with the case titled *Millard Gutter v. Safeco*, United States District Court for the District of Nebraska, Case No. 8:23-CV-404 (hereinafter the "Litigation"); collectively this information referred to hereinafter as "Discovery Material"). As used herein, "Producing Party" or "Disclosing Party" shall refer to the parties to this action that give testimony or produce documents or other information, and "Receiving Party" shall refer to the parties to this action that receive such information. This Order does not govern trial

1

proceedings in this Litigation. Nothing in this Order will prevent counsel from using Confidential Information in connection with any work product created by or on behalf of that counsel. However, work product containing Confidential Information will remain as Confidential Information that may not be shared with an entity or person except as otherwise provided in this Order.

2. <u>Designation of Material.</u> Any Producing Party may designate Discovery Material that is in their possession, custody, or control to be produced to a Receiving Party as "Confidential" under the terms of this Order if the Producing Party in good faith reasonably believes that such Discovery Material contains non-public, Confidential Information as defined in paragraph 4, below.

3. <u>Exercise of Restraint and Care in Designating Material for Protection.</u> Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.

4. <u>Confidential Information.</u> For purposes of this Order, Confidential Information is any information that a party believes in good faith to be confidential information, including trade secrets, research, design, development, financial, technical, marketing, planning, personal, or commercial information, as such terms are used in all applicable Federal Rules of Civil Procedure and the Defend Trade Secrets Act. To the extent that any party believes that another country's law or procedural rule provides applicable protections for Confidential Information that vary from the Federal Rules of Civil Procedure or the Defend Trade Secrets Act, such party will provide notice of that other country's law or procedural rule and of its applicability to documents that are not otherwise protected by Nebraska or United States law or procedure. Each party reserves its right to assert or contest the applicability of such foreign law.

5. <u>Confidential Information – Heightened Protection.</u> For purposes of this Order, Confidential Information requiring Heightened Protection is

Confidential Information that a party believes in good faith requires further restrictions, consistent with the Federal Rules of Civil Procedure.

      6.    <u>Designating Confidential Information</u>. The designation of Discovery Material as Confidential Information for purposes of this Order shall be made in the following manner:

      a.    <u>Documents.</u> In the case of documents or other materials (apart from depositions or other pre-trial testimony), designation shall be made by identifying in a separate written instrument with particularity documents produced as Confidential or Confidential-Heightened Protection, or by unobtrusively affixing the legend:

**"CONFIDENTIAL – THIS DOCUMENT PRODUCED UNDER COURT ORDER FOR USE IN *MILLARD GUTTER V. SACECO*, AND SHALL NOT BE USED FOR ANY OTHER PURPOSE WHATSOEVER"**

or

**"CONFIDENTIAL – HEIGHTENED PROTECTION – THIS DOCUMENT PRODUCED UNDER COURT ORDER FOR USE IN *MILLARD GUTTER V. SACECO*, AND SHALL NOT BE USED FOR ANY OTHER PURPOSE WHATSOEVER"**

      b.    <u>Depositions and Other Proceedings</u>. In the case of depositions or other pre-trial testimony, designation of the portion(s) of the transcript (including exhibits) that contains Confidential Information shall be made (i) by a statement to such effect on the record during the proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within thirty (30) business days after the receipt of the transcript of such proceeding. However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions or

other testimony shall be available only to those persons described in paragraph 9(a)-(b).

c. <u>Non-Written Materials.</u> Any electronic, visual, or other Confidential Information not on paper shall be designated as identified in Paragraph 6(a) on the exterior surface of the container or object that contains the electronic, visual or other non-paper Confidential Information. In addition, the Disclosing Party shall use its best efforts to affix the legend described in Paragraph 6(a) to any electronic, visual, or other medium so that the legend is visible while the medium is being viewed. All parties recognize that native format documents cannot be so marked and to the extent that native format documents are produced, the producing party will make reasonable provision for marking native format documents in connection with transmission or retention of such documents on office systems.

d. In the event that a Receiving Party generates any copy or excerpt of such electronic, visual or other medium, whether in the same or another format, the person who generates such copy shall place the same confidential designation identified in Paragraph 6(a) on the copy or excerpt.

7. <u>Inadvertent Disclosure.</u> The inadvertent failure to designate Discovery Material as Confidential does not constitute a waiver of such claim and may be remedied by providing the other party with supplemental written notice within 10 days upon discovery of the inadvertent disclosure, with the effect that such Discovery Material will be subject to the protections of this Order.

8. <u>Notes of Confidential Information.</u> Any notes, lists, memoranda, work product, indices or compilations prepared or based on an examination of Confidential Information that quote from or paraphrase Confidential Information

with such specificity that the Confidential Information can be identified, or by reasonable logical extension can be identified, shall be accorded the same status of confidentiality as the underlying Confidential Information from which they are made and shall be subject to all of the terms of this Protective Order.

9. <u>Notice to Non-Parties.</u> Any party issuing a subpoena to a non-party shall enclose a copy of this Protective Order with a request that, within ten (10) calendar days, the non-party either request the protection of this Protective Order or notify the issuing party that the non-party does not need the protection of this Protective Order or wishes to seek different protection.

10. <u>Persons Authorized to Receive Confidential Information.</u> Discovery Material designated "**CONFIDENTIAL**" as identified in Paragraph 6(a), or documents derived from such material, may be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, only to the following persons:

   a. The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing the testimony or argument at a hearing, trial, or deposition in this Litigation or any appeal therefrom;

   b. Counsel of record in this Litigation, as well as paralegals and technical, administrative, and clerical employees working under the direct supervision of such counsel;

   c. Experts or consultants assisting any counsel of record in this Litigation, provided that such experts and consultants have signed "Agreement Concerning Information Covered by Protective Order" attached hereto as Exhibit A (hereinafter "Agreement");

   d. Individuals named as parties to the Litigation who have a need to know such information for purposes of this Litigation;

5

e. Officers, directors, or employees of parties who have a need to know such information for purposes of this Litigation;

f. Graphics, translation, or design services retained by counsel of record in this Litigation for purposes of this Litigation, provided that the providers of such services have signed the Agreement. A signature by an authorized representative of the company must additionally confirm that they have advised the relevant employees of their confidentiality obligations in this Order and have taken reasonable steps to ensure that such employees comply with this Order;

g. Commercial copy and/or electronic discovery-related vendors retained by counsel of record in this action for purposes of this Litigation provided that such vendors have signed the Agreement. A signature by an authorized representative of the company must additionally confirm that they have advised the relevant employees of the confidentiality obligations in this Order and have taken reasonable steps to ensure that such employees comply with this Order;

h. Witnesses in depositions, hearings or trial. During their depositions, witnesses in the Litigation who are shown properly marked Confidential Information shall be advised that the Court Order in this Litigation requires them to maintain the confidentiality of such information. In the event that the attorney for the party showing such marked Confidential Information fails to advise the witness of this obligation, a counsel for another party may immediately advise the witness of the Order and the obligations imposed on the witness;

    i. Any person indicated by a document marked as Confidential Information to be an author, addressee, or copy recipient of the Confidential Information, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Confidential Information;

    j. Insurers for any party that are paying for any expenses or costs associated with the Litigation, provided that they have a need to know such information for purposes of this Litigation; and

    k. Any other person who has signed the Agreement and only upon: (1) stipulation of the Producing Party or (2) order of the Court.

11. **Persons Authorized to Receive Confidential Information – Heightened Protection.** Discovery Material designated "**CONFIDENTIAL – HEIGHTENED PROTECTION**" as identified in Paragraph 6(a), or documents derived from such material, may be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, only to the following persons:

    a. The Court, persons employed by the Court who are necessary for the handling of the Litigation, and court reporters transcribing testimony or argument at a hearing, trial, or deposition in this Litigation or any appeal therefrom;

    b. Counsel of record in this Litigation, as well as paralegals and technical, administrative, and clerical employees working under the direct supervision of such counsel;

    c. Experts or consultants assisting any counsel of record in this Litigation, provided such experts and consultants have been identified to counsel prior to production of the documents to them, such experts or consultants have signed the Agreement, and which

      signed Agreement will be forwarded to counsel for the Producing Party in advance of production of the documents;

d. Witnesses during hearings and trial. If a witness is to be deposed, who is not otherwise authorized to view a document under this Paragraph 11, then, absent an agreement in writing by and between counsel, a Court Order will be required upon Motion and hearing before the Court. Should the Court order the allowance of the use of a Confidential Information – Heightened Protection properly marked document, witnesses deposed in the Litigation who are shown properly marked Confidential - Heightened Protection Information shall be advised that the Court Order in this Litigation requires them to maintain the confidentiality of such information. In the event that the attorney for the party showing such marked Confidential – Heightened Protection Information fails to advise the witness of this obligation, a counsel for another party may immediately advise the witness of the Order and the obligations imposed on the witness;

e. Any person indicated by a document marked as Confidential – Heightened Protection Information to be an author, addressee, or copy recipient of the Confidential – Heightened Protection Information, or as to whom there has been testimony, whether at deposition or trial, or by declaration or affidavit, that the person was the author or recipient of the Confidential Information;

f. Any other person who has signed the Agreement and only upon: (1) stipulation of the Producing Party or (2) order of the Court.

    12. <u>Use of Discovery Material.</u> Discovery Material containing Confidential Information shall be used solely for purposes of the Litigation, including any appeal and retrial. Any person or entity in possession of Discovery

Material designated Confidential shall maintain those materials in accordance with this Order.

13. <u>Storage of Confidential Information.</u> The recipient of any Confidential Information that is provided under this Protective Order shall use his/her/its best efforts to maintain such information in a reasonably secure and safe manner that ensures that access is limited to the persons authorized under this Order. No Confidential – Heightened Protection Documents shall be transmitted by email to a covered person, but shall only be transmitted on discs or other physical media.

14. <u>Filing of Confidential Information.</u> All documents of any nature including, but not limited to, briefs, motions, memoranda, transcripts, discovery responses, evidence, and the like that are filed with the court for any purpose and that contain Discovery Material designated as "CONFIDENTIAL" shall be provisionally filed under restricted access with the filing party's motion for leave to file restricted access documents. A party seeking to file Discovery Material under restricted access must comply with the court's rules and electronic docketing procedures for filing such motions.

15. <u>Challenging Designation of Materials.</u> A party shall not be obligated to challenge the propriety of a Confidential Information designation at the time it is made, and failure to do so shall not preclude a subsequent challenge thereto during the pendency of this Litigation.

    a. Challenge. The Receiving Party may challenge the propriety of a Confidential Information designation by providing to the Producing Party a writing which briefly: (i) identifies with reasonable particularity the documents and/or information that are the subject of the challenge; and (ii) describes the basic legal or factual grounds for the challenge.

      b.    Meet-and Confer and Motion. Once a challenge is made, the parties shall meet-and-confer regarding the appropriateness of the designation. Thereafter, either party may move for an appropriate order either (i) to confirm the confidentiality of the information or (ii) to seek to have that designation removed and the Discovery Material produced or generated without the confidentiality legend described in Paragraph 6(a). Regardless of which party files a motion, the burden of proof and the burden of persuasion in such motion remains with the designating party.

      c.    Status of Challenged Designation Pending Judicial Determination. Until the Court enters this Protective Order or rules on any challenge to a Confidential Information designation made under this section, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation

16.    <u>No Waiver of Privilege</u>. Disclosure (including production) of information that a Party or non-party later claims should not have been disclosed because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of attorney-client privilege, attorney work-product, or other ground for withholding production as to which the Producing Party would be entitled in the litigation or any other federal or state proceeding. This Order is intended to provide the full protection afforded by Federal Rule of Evidence 502(d). Upon discovery by a Producing Party (or upon receipt of notice from another party) that it did or may have produced Privileged Information, the Producing Party shall, within ten (10) days of such discovery, request the return of such information in writing by identifying the Privileged Information and stating the basis on which the Privileged Information should be

withheld from production. After being notified, all Receiving Parties must promptly sequester the Privileged Information and any copies they have; must not use or disclose the information until the claim is resolved; and must take reasonable steps to retrieve the Privileged Information if they disclosed the Privileged Information before being notified. If no objection is made to the Producing Party's privilege claim, then within twenty (20) days, all Receiving Parties shall destroy the original and all copies of the designated Privileged Information. All Receiving Parties shall promptly certify the destruction to the Producing Party in writing. If any Party disputes the privilege claim ("Objecting Party"), that Objecting Party shall notify the Producing Party and all other parties to the action of the dispute and the basis therefore in writing within twenty (20) days of receipt of the request for the return of the Privileged Information. The Parties thereafter shall meet and confer in good faith regarding the disputed claim within fourteen (14) days. In the event that the Parties do not resolve their dispute, either Party may bring a motion for a determination of whether a privilege applies. If such a motion is made, the moving party shall submit to the Court, under seal and for *in camera* review, a copy of the disputed information in connection with its motion papers. This *in camera* submission to the Court shall not constitute a waiver of any privilege or protection. The Producing Party must preserve the information claimed to be privileged or otherwise protected until the claim is resolved. If the Court upholds the privilege, all Receiving Parties must promptly destroy the original, all copies and must promptly certify the destruction in writing to the Producing Party. Except as expressly set forth herein, nothing in this provision shall limit the bases on which the Objecting Party may challenge the assertion of any privilege or protection by the Producing Party. In addition, nothing in this provision shall permit the Producing Party to seek to withhold or take back a previously-produced document in this Litigation, if that document was the subject of deposition testimony in this Litigation and the Producing Party did not provide notice, as described above, within twenty (20)

days after the deposition, that the document was privileged or protected and should be returned.

17. <u>Additional Parties or Attorneys</u>. In the event that additional parties join or intervene in this action, the newly joined parties shall not have access to Confidential Information until counsel for each such party has executed the Agreement and agrees to be fully bound by this Order. If any additional attorneys make appearances in this Litigation, those attorneys shall not have access to Confidential Information until they execute the Agreement.

18. <u>Protective Order Remains In Force</u>. This Protective Order shall remain in force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court made upon reasonable written notice. Unless otherwise ordered or agreed upon by the parties, this Protective Order shall survive the termination of this action. The Court retains jurisdiction even after termination of this action to enforce this Protective Order and to make such amendments, modifications, deletions, and/or additions to this Protective Order as the Court may from time-to- time deem appropriate.

19. <u>No Prejudice For Further Relief.</u> This Protective Order is without prejudice to the right of any party to seek other or further relief from the Court.

20. <u>No Waiver of Grounds For Producing Material.</u> This Protective Order shall not be construed as waiving any right to assert a claim of privilege, relevance, overbreadth, undue burden, or other grounds for not producing material called for, and access to such material shall be only as otherwise provided by the discovery rules and other applicable laws.

21. <u>Conclusion of Litigation</u>. Within thirty (30) days after receiving notice of the entry of an order, judgment, or decree finally disposing of this Litigation with no further right of appeal by any person or entity, persons having received Confidential Information shall either return such material, including any notes of Confidential Information as set forth in Paragraph 8 (above), and all copies

thereof, to counsel for the Producing Party, or shall destroy all such Confidential Information and, in either case, shall certify that fact to counsel for the Producing Party. Counsel of record shall make arrangements for the return of Confidential Information that counsel of record provided to any persons or entities in Paragraphs 10 or 11 (above), except the Court, court personnel, and court reporters. Within this thirty (30) day period, Counsel shall also serve on counsel for the Producing Party copies of all signed Agreements obtained in accordance with any disclosure or provision of Confidential Information made pursuant to Paragraphs 10 or 11 (above). Counsel of record for the parties shall be entitled to retain court papers, depositions, and trial transcripts, provided that retained materials will continue to be covered by this Protective Order. All material returned to the parties or their counsel by the Court shall likewise be disposed of in accordance with this paragraph. A Producing Party may, at any time following the conclusion of this Litigation, advise a Receiving Party of its obligations under this paragraph and the Receiving Party shall either return the Confidential Information or certify its destruction within the 30 days provided above in this paragraph.

22. <u>Use in Litigation or Appeal</u>. In the event that any Confidential Information is proposed for use in any court proceeding other than trial in this Litigation or any appeal therefrom, Counsel shall comply with all applicable local rules and shall confer on such procedures that are necessary to protect the confidentiality of any documents, information, and transcripts used in the course of any court proceedings, including petitioning the Court to close the courtroom.

23. <u>Protected Material Subpoenaed or Ordered Produced in Other Actions</u>. If any Receiving Party or any person receiving documents through a Receiving Party is served with a subpoena, order, interrogatory, document or civil investigative demand, or any other legal demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks Discovery Material that was produced or designated as Confidential Information by

13

someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand, overnight courier, email, or facsimile transmission within seven (7) business days of receipt of such Demand to the person, party, or third party who produced or designated the material as Confidential Information, and shall object to the production of such materials on the grounds of the existence of this Order. The burden of opposing the enforcement of the Demand shall fall upon the Producing Party.

24. <u>Advice Based on Discovery Material Allowed</u>. Nothing in this Protective Order shall bar or otherwise restrict any attorney from rendering advice to his client with respect to this Litigation and, in the course of rendering advice, referring to or relying generally on the examination of Confidential Information.

25. <u>Violations of Protective Order</u>. In the event that any person or party should violate the terms of this Protective Order, or threatens to do so, the aggrieved Disclosing Party may apply to the Court for relief against any such person or party violating or threatening to violate any of the terms of this Protective Order. In the event that the aggrieved Disclosing Party seeks injunctive relief, it must apply to or move before the Judge issuing this Order. In the event that the issuing Judge is not available to hear such application or motion, the matter may be heard by another Judge of the United States District Court of Nebraska. The parties and any other person subject to the terms of this Protective Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing this Protective Order.

26. <u>Right to Seek Modification</u>. The parties reserve the right to apply to the Court for an order modifying this Order or seeking further protections against discovery or other use of Confidential Information. Any protected third party requiring further confidentiality protection than is provided by this Order may petition the Court for a separate order governing disclosure of its Confidential Information.

27. <u>Headings.</u> The headings herein are provided only for the convenience of the parties and are not intended to define or limit the scope of the express terms of this Protective Order.

Dated this 9th day of May, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

**EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MILLARD GUTTER COMPANY, a Corporation d/b/a MILLARD ROOFING AND GUTTER,<br><br>           Plaintiff,<br><br>vs.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br><br>           Defendant. | CASE NO: 8:23-CV-404<br><br>AGREEMENT CONCERNING MATERIAL COVERED BY PROTECTIVE ORDER ENTERED IN THE DISTRICT COURT FOR DOUGLAS COUNTY, NEBRASKA |

The undersigned states, subject to the penalties for perjury:

1. I hereby acknowledge that I have read and understand the terms of the attached Confidentiality Agreement and Protective Order ("Protective Order") entered in the case of *Millard Gutter v. Safeco*. I acknowledge and understand that a violation of the Protective Order could be punishable as a contempt of Court.

2. I have been furnished a copy of the Protective Order entered in this case restricting the use of Confidential information.

3. I have received the documents marked "CONFIDENTIAL – THIS DOCUMENT PRODUCED UNDER COURT ORDER FOR USE IN *MILLARD GUTTER V. SACECO*, AND SHALL NOT BE USED FOR ANY OTHER PURPOSE WHATSOEVER" OR "CONFIDENTIAL – HEIGHTENED PROTECTION – THIS DOCUMENT PRODUCED UNDER COURT ORDER FOR USE IN *MILLARD GUTTER V. SACECO*, AND SHALL NOT BE USED FOR ANY OTHER PURPOSE WHATSOEVER."

4. I promise to abide by the Protection Order with respect to

16

Confidential documents and information furnished to me in this litigation.

   5. As a condition to receipt of documents marked Confidential in this litigation, I consent to personal jurisdiction over me in the District of Douglas County, Nebraska, solely for the purpose of enforcing the Protective Order.

_____
Signature

_____
Printed Name

_____
Contact Address

_____
Phone Number

Executed in _____, _____, County of _____.